## CITIZENS' BANK v. EUGENE COSTANERA.

EJECTMENT.   *Claim for improvements.   Want of title in vendee and sub-vendee.   Section 2512, Code 1880.*

    A defendant in ejectment cannot recover compensation for improvements erected by his vendor, although he may have a deed of the land from his vendor, if at the time it was executed he knew that his grantor had no legal title nor written contract for title to the land, either then or at the time the improvements were erected. He cannot be regarded as claiming "the premises under some deed or contract of purchase, made or acquired in good faith" within the meaning of ¿ 2512 of the Code of 1880.

APPEAL from the Circuit Court of Jackson County.

HON. S. H. TERRAL, Judge.

Some time in the year 1883 Eugene Costanera made a verbal sale of a lot of land to Emile De Smet, but no conveyance was executed and no written memorandum of the sale taken. No purchase-money was paid, but the vendor delivered possession of the land to the vendee, who, with the knowledge and consent of the vendor, erected valuable improvements thereon. On the 14th of May, 1884, De Smet deeded this land to A. Carriere & Sons, who, on the next day, conveyed it to J. J. Tarleton, as trustee for the benefit of the Citizens' Bank of New Orleans, La., and on the 19th of July Tarleton sold and conveyed the same to the Citizens' Bank.

On the 23d of September, 1884, Costanera brought this action of ejectment to recover of the Citizens' Bank the land referred to. The defendant plead the general issue and claimed the value of the improvements put upon the land by De Smet before notice of the plaintiff's intention to bring the action. The proof at the trial showed that De Smet knew when he erected the improvements that he had no legal title to the land, and that Carriere & Sons and the Citizens' Bank had notice respectively at the time of receiving their or its conveyance that De Smet had no deed to the land. The verdict and judgment were for the plaintiff, and the defendant appealed.

*Nugent & McWillie,* for the appellant.

Bearing in mind that the defendants are purchasers under the conveyance of Tarleton, trustee, to whom Carriere & Sons, the vendees of De Smet, had conveyed, we find that they claim the premises under a deed acquired in good faith, which meets the conditions of the statute.  There is no pretense that there was bad faith on their part, and the bare fact that an examination of the county records would have disclosed a break in their claim of title is without adverse significance under the decisions of this court.

*Cole* v. *Johnson,* 53 Miss. 99 *et seq.:* While the statute prescribes that the defendant shall claim under a deed acquired in good faith, it provides that " it shall be lawful in all cases " for the *defendant* to plead the value of all improvements made by him on the land or any one under whom he claims before notice of the intention of the plaintiff to bring the action.  Section 2512, Code 1880.  The plaintiff gave notice to no one of any intention to sue prior to service of process in the case, and the requirements of the statute under which recovery for improvements are allowed would seem to be fairly met.

*T. S. Ford,* for the appellee.

We submit that neither the vendee in a parol contract for the sale of land nor the sub-vendees are entitled to compensation from him who holds the title for improvements placed upon the land by the vendee, who had full knowledge of his want of title.

The policy of the common law is averse to making any allowance to any person adjudged to have held the possession of land without right or title for his labor and expenditures in improving the property during the period of his wrongful occupancy.  The general principle of the English law, as well as our own, is that the owner recovers his land in ejectment without being subjected to the condition of paying for improvements which may have been made upon it by the occupant without title.  The improvements are considered annexed to the freehold and pass with the recovery.  Sedgwick and Wait on Trial of Title to Land, § 690 ; 11 Kent's Commentaries 335 ; *Frear* v. *Hardenbergh,* 5 Johns. (N. Y.) 272 ; Sedgwick on Damages, p. 554, § 586.

Does our statute (§ 2512, Code 1880) change the rule of the common law ? We submit that it does not under the state of facts disclosed by the record.

COOPER, C. J., delivered the opinion of the court.

De Smet, who erected the improvements upon the land sued for, knew that he had no valid title to the property. Carriere & Sons, who purchased from him, had notice through their agent, Lombard, at the time they took his deed that he had received no conveyance from Costanera, and the appellant had such notice when it took the security from Carriere & Sons. Under these circumstances neither De Smet nor Carriere & Sons nor the appellant can in an action of ejectment set up in defense of the suit the value of such improvements so made. The terms of the statute are not broad enough to embrace the claim, since neither De Smet, Carriere & Sons, nor the plaintiff claims under any deed or contract of purchase made or acquired in good faith within the meaning of the terms as used in the code. One who accepts a parol transfer of land cannot be said to believe that he thereby acquires either a title or a right to a title to the land.

Whether a court of equity will permit the party to retain the land and the improvements is a question not presented by the record. We only decide that compensation cannot be secured in this action.

*Judgment affirmed.*